SEALED

ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta
AUG 1 4 2012
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL INDICTMENT |
| v. | : |
| RAYMOND EUGENE SELLERS and GEORGE ANTHONY NORWOOD | : NO. 2:12CR025 |

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### (18 U.S.C. § 371)

1. Beginning in or about March 2012, and continuing until in or about August 2012, in the Northern District of Georgia, the defendants, RAYMOND EUGENE SELLERS and GEORGE ANTHONY NORWOOD, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with each other, to commit offenses against the United States, that is, (1) to violate Title 26, United States Code, Section 5861(f), in that the defendants would knowingly make a firearm and destructive device, as those terms are defined in Title 26, United States Code, Section 5845(f), without having (a) filed application with the Secretary of the Treasury (hereinafter Secretary) to make and register said firearm and destructive device, (b) paid any tax payable on the making of said firearm and destructive device, (c) identified said firearm and destructive device in the application form in such manner as the Secretary prescribed, (d) identified

themselves in the application form as the Secretary prescribed, and (e) obtained the approval of the Secretary to make and register the firearm and destructive device, all as required by Title 26, United States Code, Section 5822, and (2) to violate Title 26, United States Code, Section 5861(e), in that the defendants would knowingly transfer said firearm and destructive device without having (a) filed application with the Secretary to transfer and register said firearm and destructive device to the transferree, (b) paid any tax payable on the transfer of said firearm and destructive device, (c) identified the transferree of said firearm and destructive device in the application in such manner as the Secretary prescribed, (d) identified the transferor of said firearm and destructive device in the application in such manner as the Secretary prescribed, (e) identified said firearm and destructive device in the application in such manner as the Secretary prescribed, and (f) obtained the approval of the Secretary to transfer said firearm and destructive device, as required by Title 26, United States Code, Section 5812.

2. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the Northern District of Georgia:

   (a) On or about March 15, 2012, defendant NORWOOD introduced defendant SELLERS to D.S.

(b)  On or about March 15, 2012, defendant SELLERS told D.S. that he could build a bomb inside a 2-liter bottle that would be strong enough to level a house. D.S. told defendant SELLERS that he was interested in obtaining such a bomb.

(c)  On or about March 28, 2012, defendant NORWOOD and D.S. discussed over the telephone the ingredients that defendant SELLERS would need in order to make a destructive device and the means by which defendant SELLERS would detonate a destructive device.

(d)  On or about April 26, 2012, defendant NORWOOD traveled to Cleveland, Georgia to meet with D.S. and Michael Griffin, a/k/a "Griff." During the meeting defendant NORWOOD again talked about the ingredients that defendant SELLERS would need in order to make a destructive device and the means by which defendant SELLERS would detonate a destructive device.

(e)  On or about May 11, 2012, defendants NORWOOD and SELLERS traveled to Cleveland, Georgia to meet with D.S. and Michael Griffin, a/k/a "Griff." During the meeting defendant SELLERS advised D.S. and Michael Griffin, a/k/a "Griff," of what ingredients defendant SELLERS would need in order to make a destructive device for them and defendant SELLERS agreed to make a destructive device for them, if they would supply the necessary ingredients. Defendant SELLERS also advised them that they should

not purchase the ingredients at the same time in order to avoid detection by law enforcement.

(f) On or about July 12, 2012, defendant SELLERS told Michael Griffin, a/k/a "Griff," the exact quantity of each ingredient that he would need in order to make a destructive device and that he would make a test sample for Michael Griffin, a/k/a "Griff".

(g) On or about July 21, 2012, defendant SELLERS took delivery of 4 pounds of sulphur from Michael Griffin, a/k/a "Griff."

(h) On or about July 21, 2012, defendant SELLERS carefully examined the 4 pounds of sulphur he received from Michael Griffin, a/k/a "Griff" stating that it appeared to be 90% pure and that he could use the sulphur to make a destructive device.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(18 U.S.C. § 922(k))

On or about May 11, 2012, in the Northern District of Georgia, the defendant, GEORGE ANTHONY NORWOOD, did knowingly possess a firearm, to wit: a Browning, High Powered, 9 mm pistol, which had the manufacturer's serial number removed, obliterated and altered, said firearm having been shipped and transported in

interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(k).

A _True_ BILL

_/s/ Jody Harper_
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

_William L. McKinnon, Jr._
WILLIAM L. MCKINNON, JR. by SBM
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 495812

_Sally B. Molloy_
SALLY MOLLOY
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 140816

Suite 600
75 Spring Street, S. W.
Atlanta, Georgia 30303
(404) 581-6000